SAM JOHNSON, ET AL., *v.* CLIFTON RODES, ET AL.

**Misjoinder of Actions.**
> If no objections are made in the court below on account of misjoinder of actions, no objection thereto can be made in this court.

**Setting Aside Judgment.**
> Where in a cause process was served and a judgment rendered, a motion to set such judgment aside, made nearly three years after its entry, will be denied. If relief is sought against such a judgment it must be by a new action.

**Record on Appeal.**
> Where in the trial court a party offers to file a pleading, which is denied by the court, such pleading does not become a part of the record on appeal, unless made so by bill of exceptions.

APPEAL FROM BOYLE CIRCUIT COURT.

October 21, 1875.

OPINION BY JUDGE LINDSAY:

The mortgage executed to Thomas and Bedlow passed the entire estate of Johnson and wife, including the homestead exemption. The petition of Thomas & Bedlow certainly presented a cause of action and a right of recovery in each of the plaintiffs. If there was a misjoinder of actions, a question we do not decide, it was not objected to in the court below, and cannot, therefore, be taken advantage of here.

Johnson and wife were regularly served with process, and judg-

ment rendered against them by confession. Nearly three years afterwards Mrs. Johnson moved to have the judgment set aside, and to be allowed to file an answer. The court below had no power to set the judgment aside upon motion. If there exists any reason why the judgment shall be modified or vacated as to her, she must by an original proceeding apply for such relief in the mode prescribed by Sec. 581, Civil Code of Practice.

Further than this, Mrs. Johnson cannot, so long as the judgment remains in force, have the question as to her right to a homestead or its value retried. But if this were not so, she could have no relief upon this appeal. The record shows that she and her husband offered to file answers, and that their motions to file were overruled. These answers, therefore, did not become parts of the record. They have not been made so by bill of exceptions or otherwise. The bill of exceptions was offered and rejected by the court, but such answers are neither incorporated in the bill, nor identified by it.

We have no evidence that the papers copied by the clerk were the answers offered, except his statement that such is the fact. It has been repeatedly decided that the clerk cannot certify a paper that has not been made part of the record.

We need not pass upon the plea of limitation. The indorsement on this record makes Clifton Rodes an appellee. The record does not show that he has any connection with the cause. The two sales were properly set aside. It was the fault of the appellees that the mistake occurred in the first sale, and the commissioner should have awaited direction from the chancellor before selling the second time.

Judgment *affirmed* on original and cross-appeal.

*Thompsons, for appellants. Durham & Jacob, for appellees.*